**EXHIBIT 12**



DISTRICT COURT
City & County of Denver, Colo.
Certified to be full, true and correct
copy of the original in my custody

DEC -7 2011

CLERK OF THE DISTRICT COURT
By _____

| | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Nov 14 2011 3:45PM MST<br>Filing ID: 40875960<br>Review Clerk: Kyle T Gustafson |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202-5385 | |
| **Plaintiff:** PLX Technology, Inc., a Delaware corporation,<br><br>v.<br><br>**Defendant:** Francis P. Knuettel, II, an individual. | COURT USE ONLY |
| Attorney for Plaintiff: PLX Technology, Inc.<br><br>Name(s):<br>William D. Nelson (Co. Bar 11998)<br>Edward T. Schroeder (Co. Bar 37690)<br>Douglas B. Tumminello (Co. Bar 27523)<br><br>Address: Rothgerber Johnson & Lyons LLP<br>90 South Cascade, Suite 1100<br>Colorado Springs, Colorado 80903<br>Telephone: (719) 386-3057<br>Facsimile: (719) 386-3070<br>E-mail: wnelson@rothgerber.com<br>E-mail: eschroeder@rothgerber.com | Case Number:<br><br>Courtroom/Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff PLX Technology, Inc. ("PLX"), by and through its counsel, William D. Nelson, Edward T. Schroeder and Douglas T. Tumminello, complains against Defendant Francis P. Knuettel, II ("Knuettel") as follows:

### THE PARTIES

1. PLX Technology, Inc. is a Delaware corporation with its principal place of business at 870 W. Maude Avenue, Sunnyvale, California 94085.

2. Francis P. Knuettel, II is an individual who presently resides at the following address: 1220 S. Saint Paul St., Denver, Colorado 80210-2031.

### JURISDICTION AND VENUE

3. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because Defendant Knuettel resides in Denver County, Colorado.

{00996074 1}

4.      Under the Constitution of the State of Colorado, the District Court is a trial court of record with general jurisdiction and shall have the original jurisdiction over civil, probate, and criminal cases except as otherwise provided by statute, and has such jurisdiction as is prescribed by law under the Constitution of the State of Colorado pursuant to Article VI, § 9.

5.      This Court has personal jurisdiction over Defendant Knuettel as he is a domiciliary of the State of Colorado.

## NATURE OF THE ACTION

6.      In this action, PLX seeks to recover from Knuettel for tortiously interfering with PLX's rights under the PCI-SIG Bylaws and as a party and/or third-party beneficiary to the Member Agreements, as defined below.

7.      From approximately November 27, 2000 through November 30, 2004, Internet Machines Corporation ("IM Corp") was a member of the Peripheral Component Interconnect Special Interest Group (the "PCI-SIG"). To be a member of the PCI-SIG, IM Corp signed annual membership agreements (the "Member Agreements") that, among other things, bound IM Corp to the terms and conditions of the PCI-SIG's Bylaws. The PCI-SIG's Bylaws require that each member must license to the other members any claims contained in a patent or patent application that would be infringed by practicing any of the subject matter contained in industry specifications that are published and adopted by the PCI-SIG. The Bylaws also provide that the licensing requirements survive the termination of the agreement, and that the licensing obligations cannot be avoided by assigning the subject claims to a third party.

8.      During the time that IM Corp was a member of the PCI-SIG, it claims to have conceived of certain inventions and filed applications with the United States Patent Office seeking patents on those alleged inventions. Those applications, which were originally owned and filed by IM Corp, have now resulted in the issuance of the following patents: United States Patent Nos. 7,945,722 ("the '722 Patent"), 7,454,552 ("the '552 Patent"), 7,421,532 ("the '532 Patent"), 7,814,259 ("the '259 Patent"), and 7,539,190 ("the '190 Patent") (collectively, "the Patents"). The subject matter of the alleged inventions, however, is also described in previously published PCI-SIG specifications. Contrary to the terms of its Member Agreements and the PCI-SIG Bylaws, IM Corp never offered the other PCI-SIG members, including PLX, a license to those claims under reasonable terms and conditions.

9.      Upon information and belief, IM Corp ceased operations, sold most of its assets, and laid off almost all its employees in the Spring of 2004. Some time after IM Corp ceased its operations, Knuettel – IM Corp's CFO – recognized and seized an opportunity to benefit himself. Specifically, Knuettel, along with his father and IM Corp's patent counsel, Steve Sereboff, created a shell entity known as Topside Research LLC ("Topside"). Knuettel then orchestrated a transfer from IM Corp to Topside of a number of patent applications that matured into the Patents. These Patents have as listed inventors various IM Corp employees or former employees. Despite signing one of IM Corp's Member Agreements and being aware of the

2

{00996074 / 1}

licensing obligations contained in the PCI-SIG Bylaws, Knuettel had never offered – not as an individual or as a representative of his shell entities – to license the Patents under reasonable terms and conditions to PCI-SIG members or specifically to PLX.

10. Kneuttel later created two additional shell entities in Texas, Internet Machines LLC ("IM") and Internet Machines MC LLC ("IMMC"). Kneuttel, Kneuttel's father, and Steve Sereboff are also the only members of those entities. In an apparent attempt to manufacture venue for lawsuits intended to be filed and further obfuscate the licensing obligations encumbering the Patents, Kneuttel orchestrated the transfer and assignment of some of the IM Corp patents and patent applications to IM in 2009 (Patent Application No. 60/523,246; the '552 Patent; the '532 Patent; the '259 Patent; and the '722 Patent) and to IMMC in 2011 (the '190 Patent).

11. Instead of offering a license to the Patents under reasonable terms and conditions as required by the PCI-SIG Bylaws, Knuettel and his fellow directors have, through shell companies IM and IMMC, brought baseless claims of patent infringement against PLX and more than 20 of its distributors, retailers, and downstream customers in the United States District Courts of the Eastern District of Texas. As a result of the foregoing, PLX brings this cause of action.

### FIRST CLAIM FOR RELIEF
*(Tortious interference with contract against Francis P. Knuettel, II)*

12. Plaintiff PLX incorporates by reference each and every allegation contained in paragraphs 1 through 11 of this Complaint.

13. As CFO of IM Corp, Kneuttel signed the PCI-SIG Membership Agreement on behalf of IM Corp on October 27, 2003. Thus, Kneuttel had knowledge of the Member Agreements and IM Corp's obligation to license its claims under reasonable terms and conditions to other PCI-SIG members.

14. When IM Corp ceased operations, Kneuttel acted in his own self-interest and orchestrated a transfer of patent applications from IM Corp to Kneuttel's shell entity Topside. Those patent applications were subject to the licensing obligations contained in the PCI-SIG's Bylaws. Kneuttel further transferred the patents and patent applications from Topside to his other later created shell entities IM and IMMC for the purpose of, among other things, obfuscating and avoiding the licensing obligations running with the Patents.

15. With knowledge of the obligations running with the former patents and patent applications of IM Corp and that the Patents derived from those patents and patent applications, IM and IMMC—at the direction of Kneuttel—initiated baseless patent infringement litigation against PLX in the United States District Courts of the Eastern District of Texas.

16. Kneuttel's actions, which were at all times taken in his own self-interest, have

tortiously interfered with PLX's rights under and as a party and/or third-party beneficiary to the Member Agreements and the PCI-SIG Bylaws. Kneuttel's tortious interference has caused PLX actual damages in an amount to be proven at trial, including loss of business and at least PLX's expenses in defending itself against the baseless claims of infringement that have been brought against it and more than 20 of its distributors, retailers, and downstream customers.

## DEMAND FOR JURY TRIAL

Plaintiff PLX requests a jury trial for all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

(a)   Finding that Francis P. Kneuttel II tortiously interfered with PLX Technology, Inc.'s rights as a PCI-SIG member and a party to and/or third-party beneficiary of IM Corp.'s Member Agreements with the PCI-SIG;

(b)   Awarding Plaintiff PLX Technology, Inc. damages against Defendant Knuettel in an amount to be proven at trial;

(c)   Awarding Plaintiff PLX Technology, Inc. its attorneys' fees and costs;

(d)   Pre- and post-judgment interest as permitted by law; and

(e)   Awarding Plaintiff PLX such other relief as the Court deems appropriate.

Respectfully submitted this 14th day of November, 2011.

Rothgerber Johnson & Lyons LLP

/s/William D. Nelson
William D. Nelson (Co. Bar 11998)
Edward T. Schroeder( Co. Bar 37690)
Douglas T. Tumminello (Co. Bar 27523)

*Attorney for Plaintiff PLX Technologies, Inc.*

Plaintiff's Address:

870 W. Maude Avenue
Sunnyvale, California  94085

4

{00996074 / 1}