IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PLX TECHNOLOGY, INC.,

      Plaintiff,

vs.

FRANCIS P. KNUETTEL II,

      Defendant.

---

# DEFENDANT'S ANSWER

Defendant Francis P. Knuettel ("Knuettel") answers the complaint of Plaintiff PLX Technology, Inc. ("PLX") by corresponding paragraph number as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted that Defendant Knuettel resides in Denver County, Colorado.  Denied that venue is proper or convenient in Colorado.

4.      Admitted that Colorado state district courts are courts of general jurisdiction.  Denied as to jurisdiction in state court because federal courts have exclusive jurisdiction over this action.

5.      Admitted as to personal jurisdiction in Colorado.

6.      Denied that PLX is entitled to any such recovery. Denied as to the merits of PLX's claim.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8.      Admitted that persons working for IM Corp. conceived of certain inventions.  Admitted that IM Corp. filed applications with the United States Patent & Trademark Office seeking patents on certain inventions.  Admitted that IM Corp. originally owned certain patent applications.  Admitted that United States Patent Nos. 7,945,722 ("the '722 Patent"), 7,454,552 ("the '552 Patent"), 7,421,532 ("the '532 Patent"), 7,814,259 ("the '259 Patent"), and 7,539,190 ("the '190 Patent") (collectively, "the Patents") have priority to certain provisional patent applications filed by IM Corp.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

9.      Admitted that IM Corp. ceased operations, sold most of its assets, and laid off its remaining employees in 2004.  Admitted that Defendant was IM Corp.'s CFO for a period of time.  The allegation that Defendant "recognized and seized an opportunity to benefit himself" is argumentative and vague and thus denied.  Admitted that Defendant, along with his father and one of IM Corp.'s outside patent counsel, Steve Sereboff, participated in the incorporation of Topside Research LLC ("Topside"). Denied that Topside is a "shell entity."  The word "orchestrated" is vague and argumentative and thus denied.  Admitted that Defendant, in his capacity as an employee of IM Corp. signed an agreement transferring certain patent applications from IM Corp. to Topside, as had been authorized by both IM Corp.'s board and its shareholders, and which served to discharge certain debts owed by IM Corp.  Admitted that multiple of the transferred patent applications have since issued as patents.  Admitted that such patents have listed inventors who comprise persons formerly employed by IM Corp.  Denied that Defendant signed any PCI-SIG membership agreements in his personal capacity.  Admitted that Defendant signed a PCI-SIG membership agreement on October 27, 2003 in his capacity as an employee of

IM Corp.  Denied that Defendant has ever been aware of any licensing obligations contained in PCI-SIG's Bylaws.  Admitted that Defendant has never offered a license to the Patents to PLX in his individual capacity.  Denied that Defendant has never offered PLX, in his managerial capacity, a license under the Patents under reasonable terms and conditions.  In the context of confidential settlement negotiations, Defendant has previously offered, in his managerial capacity, a license to PLX under the Patents from their respective owners under reasonable terms and conditions.  Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

10.     Admitted that Defendant participated in the incorporation of Internet Machines LLC ("IM") and Internet Machines MC LLC ("IMMC"), both of which are Texas LLCs.  Denied that IM or IMMC are "shell entities."  Admitted that Defendant, his father, and Steve Sereboff are the only members of IM and IMMC. Denied that Defendant attempted to manufacture, or that Defendant manufactured, venue for lawsuits.   Denied that Defendant attempted to obfuscate, or that Defendant obfuscated, any licensing obligations encumbering the Patents.  The word "orchestrated" is vague and argumentative and thus denied. Admitted that, in his managerial capacity, Defendant signed agreements providing for the transfer of U.S. Patent Application No. 60/523,246, the '552 Patent and the '532 Patent to IM in 2009.  Denied that the '259 Patent or '722 Patent were transferred to IM in 2009 as neither patent had yet to issue.  Admitted that, in his managerial capacity, Defendant signed agreements providing for the transfer of the '190 patent from Topside to IMMC in 2011.  Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

11.     Denied that the PCI-SIG Bylaws impose any obligations on Defendant, IM, IMMC or Topside.  Admitted that Defendant has never offered a license to the Patents to PLX in his individual capacity.  Denied that Defendant has never offered, in his managerial capacity, a license under the Patent under reasonable terms and conditions.  Denied that "Knuettel and his fellow directors have, through shell companies IM and IMMC, brought baseless claims of patent infringement against PLX and more than 20 of its distributors, retailers, and downstream customers in the United States District Courts of the Eastern District of Texas."  Admitted that IM and IMMC have filed patent infringement lawsuits in the U.S. District Court for the Eastern District of Texas against PLX and others, including distributors, retailers and downstream customers.  Denied that IM or IMMC has filed any baseless lawsuits.  Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

12.     Defendant incorporates by reference each and every response/statement contained in paragraphs 1 through 11 of this Answer.

13.     Admitted that, in his capacity as CFO of IM Corp, Defendant signed a PCI-SIG Membership Agreement on behalf of IM Corp. on October 27, 2003.  Denied that Defendant has or had any meaningful knowledge of PCI-SIG Member Agreements.  Denied Defendant has or had knowledge of any obligation to license claims PLX or any other PCI-SIG members.

14.     Denied.

15.     Denied.

16.     Denied.

17.     PLX's jury demand is not subject to being admitted or denied.

18.     To the extent necessary, Defendant denies that PLX is entitled to any relief in this suit, including any relief requested in its Prayer for Relief.

19.     Defendant generally denies any allegation in the Complaint not specifically admitted above, and Defendant denies that Plaintiff's claims have any merit.

## DEFENSES

20.     Plaintiff's Complaint fails to state a claim for which relief can be granted.

21.     Plaintiff's claim is preempted, in whole or part, by the Patent Act, 35 U.S.C. § 100, *et seq.*

22.     The state court in which Plaintiff's Complaint was originally filed lacked jurisdiction over Plaintiff's claim because federal courts have exclusive jurisdiction over this action.

23.     Plaintiff's claims are barred, in whole or part, by the doctrines of waiver and/or estoppel.

## SANCTIONS

24.     Plaintiff's claim was presented for a improper purposes, including to harass, needlessly increase the cost of litigation, and to interfere with and subvert four patent infringement actions pending in the U.S. District Court for the Eastern District of Texas.  Those four patent infringement actions are styled, *Internet Machines LLC v. Alienware Corp., et al.*, No. 6:10-cv-00023-MHS; *Internet Machines LLC v. ASUS Computer International, et al.*, No. 6:10-cv-00548-MHS; *Internet Machines MC LLC v. PLX Technology, Inc., et al.*, No. 2:11-cv-00193-DF; and *Internet Machines LLC v. Avnet, Inc., et al.;* No. 6:11-cv-00250-MHS (collectively, the "Texas Patent Infringement Actions").  Further Plaintiff's claim lacks a good faith factual basis, and it is not warranted by existing law or by a nonfrivolous argument for extending, modifying,

or reversing existing law or for establishing new law.  For at least these reasons, at the appropriate time Defendant expects to seek sanctions from Plaintiff.

25.     Defendant seeks recovery of his attorney's fees and costs incurred in connection with this lawsuit.  Such recovery may be had in the form of sanctions or otherwise.

## DEFENDANT'S INTENTION TO MOVE TO TRANSFER THIS ACTION TO TEXAS

26.     Although beyond the scope of this Answer, the Court should be aware that Defendant intends to promptly file a motion to transfer the venue of this action to the U.S. District Court for the Eastern District of Texas.  Defendant intends to file a motion to transfer as soon as counsel for both sides complies with the meet and confer requirements of D.C.COLO.LCivR 7.1.  For the Court's information, Defendant intends to request transfer of this action to Texas under 28 U.S.C. § 1404(a), because, *inter alia*, the U.S. District Court for the Eastern District of Texas should decide (1) whether to stay this action pending resolution of the Texas Patent Infringement Actions; (2) whether to consolidate this action with one or more of the Texas Patent Infringement Actions; (3) whether PLX should be sanctioned because this suit lacks merit, seeks to interfere with and subvert the Texas Patent Infringement Actions, and/or was brought solely for purposes of harassing Mr. Knuettel; or, at a minimum, (4) whether or not the Texas Patent Infringement Actions are baseless.   Further, the U.S. District Court for the Eastern District of Texas has already construed the claims of the '552, '532, and '259 patents, and that Court will in due course construe the claims of the '190 and '722 patents.  Thus, the U.S. District Court for the Eastern District of Texas is best suited to determine infringement, validity, enforceability and interpretation of the '552, '532, '259, '190 and '722 patents, as well as any other matters related to the merits of the Texas Patent Infringement Actions.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Francis P. Knuettel II respectfully requests that this Court

enter judgment denying and dismissing Plaintiff's claims, and that the Court enter judgment in

favor of Defendant, and that the Court award such other relief to which Defendant may justly be

entitled.

## JURY DEMAND

Defendant requests a trial by jury on all issues in PLX's Complaint that are properly

triable to a jury.

Dated December 12, 2011                Respectfully submitted


*s/Conor F. Farley*
Conor F. Farley
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
Phone: 303-295-8432
CFarley@hollandhart.com

**ATTORNEYS FOR DEFENDANT**
**FRANCIS P. KNUETTEL, II**

### CERTIFICATE OF SERVICE

I hereby certify that on 12/12/2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

William D. Nelson
wnelson@rothgerber.com
Edward T. Schroeder
eschroeder@rothgerber.com
Douglas B. Tumminello
dtumminello@rothgerber.com
Rothberger Johnson & Lyons LLP

_s/ Conor F. Farley_
Conor F. Farley
HOLLAND & HART LLP

**ATTORNEYS FOR DEFENDANT**
**FRANCIS P. KNUETTEL, II**

5338943_4.DOCX