**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03256-DME-KMT

PLX TECHNOLOGY, INC., a Delaware corporation,

    Plaintiff,

v.

FRANCIS P. KNUETTEL, II, an individual,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on Defendant Francis P. Knuettel II's "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)" (Doc. 6), seeking to have this case transferred to the United States District Court for the Eastern District of Texas. Plaintiff PLX Technology, Inc. ("PLX") opposes transfer. For the following reasons, the Court GRANTS the transfer.[1]

## I. BACKGROUND

Briefly stated, PLX alleges the following: Internet Machine Corporation ("IM Corp."), while a member of the Peripheral Component Interconnect Special Interest Group ("PCI-SIG"), developed several inventions for which it eventually obtained five

---

[1] In reaching this decision, the Court has considered Knuettel's transfer motion (Doc. 6), Plaintiff PLX Technology Inc.'s response (Doc. 8), Knuettel's reply (Doc. 9), his supplemental authority (Doc. 14), and PLX's further response (Doc. 18). In addition, the Court GRANTS Knuettel's motion to file another reply (Doc.20), and has considered that reply (Doc. 21) as well.

patents: United States Patent Nos. 7,945,722 (the "722 Patent"), 7,454,552 (the "552 Patent"), 7,421,532 (the "532 Patent"), 7,814,259 (the "259 Patent"), and 7,539,190 (the "190 Patent"). By agreement, IM Corp. was obligated to offer other PCI-SIG members, including PLX, "a license to those [patented] claims under reasonable terms and conditions." (Doc. 1, ex. 12 ¶ 8.) But IM Corp. never did so.

Defendant Knuettel was the chief financial officer for IM Corp. IM Corp. ceased operations in 2004 and sold its assets. Knuettel, with his father and a patent attorney, then formed three new business entities: Topside Research LLC ("Topside"), Internet Machines LLC ("IM LLC"), and Internet Machines MC LLC ("IMMC"). IM Corp. assigned the five patents at issue here to Topside. Topside, in turn, assigned four of those five patents, Patents 552, 532, 259, and 722, to IM LLC. And Topside assigned the remaining patent, No. 190, to IMMC. PLX alleges that Knuettel, by transferring the patents to IM LLC and IMMC, tortiously interfered with PLX's contract rights as a member of the PCI-SIG. PLX further alleges that Knuettel further interfered with its contractual rights by causing IM LLC and IMMC to "initiate[] baseless patent infringement litigation against PLX in the United States District Courts of the Eastern District of Texas." (Id. ¶ 15.)

## II. PLX'S MOTION TO TRANSFER VENUE

Knuettel moves, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this case to the United States District Court for the Eastern District of Texas, where the patent infringement litigation between IM LLC, IMMC and PLX, among others, is ongoing. "Under 28 U.S.C. § 1404(a), [this] court may transfer an action '[f]or the convenience of

parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought.'" Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting 28 U.S.C. § 1404(a)). Knuettel, as the movant, "bears the burden of establishing that the suit should be transferred." William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972).

### A. This action "might have been brought" in the Eastern District of Texas

Section 1404(a) permits transfer to another district where the case "might have been brought." PLX argues that it could not have brought this case in the Eastern District of Texas because that district does not have personal jurisdiction over Knuettel. More specifically, PLX argues that Knuettel does not have sufficient contacts with Texas to permit a court in Texas to exercise personal jurisdiction over him consistent with the requirements of due process.[2]

"The due process analysis is . . . two-fold: First, [Knuettel] must have minimum contacts with [Texas], demonstrating that he purposefully availed himself of the

---

[2] The relevant analysis actually requires two inquiries: (1) whether Knuettel is subject to service of process in the district and (2) whether the exercise of personal jurisdiction over him comports with due process. See Marcus Food Co. v. DiPanfilo, 671 F.3d 1159, 1166 (10th Cir. 2011) (addressing case involving diversity jurisdiction); Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (addressing case involving federal-question jurisdiction). The relevant rules of service of process, see Fed. R. Civ. P. 4(e), point to applying the Texas long-arm statute, which permits service to constitutional limits. See Clemens v. McNamee, 615 F.3d 374, 378 (5th Cir. 2010), cert. denied, 131 S. Ct. 3091 (2011). Therefore, the only relevant question here is whether personal jurisdiction over Knuettel in Texas offends due process. See id. Further, although Knuettel argues, in support of his motion for change of venue, that the Eastern District of Texas does have personal jurisdiction over him, a defendant seeking to transfer venue cannot obtain that relief by consenting to the transferee court's jurisdiction. See Hoffman v. Blaski, 363 U.S. 335, 342-44 (1960); Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991).

protections or benefits of [that] state's laws and should reasonably anticipate being haled into court there." Marcus Food Co., 671 F.3d at 1166 (internal quotation marks omitted). Here, Texas courts would have specific jurisdiction over Knuettel because his contacts with Texas, as alleged, underlie the cause of action at issue here.[3] See id. at 1167. Those contacts include creating two business entities in Texas, IM LLC and IMMC, to which Knuettel purportedly caused the transfer of the Patents, and further causing these two Texas companies to initiate "baseless claims of patent infringement against PLX" and other in Texas. (Doc. 1, ex. 12 ¶ 11.)

Second, a Texas court's exercise of jurisdiction over Knuettel must not offend "traditional notions of fair play and substantial justice." Marcus Food Co., 671 F.3d at 1167 (internal quotation marks omitted). But here PLX does not argue that Texas courts exercising jurisdiction over Knuettel would offend these traditional notions. And the Court agrees.

For these reasons, then, the Texas courts have specific jurisdiction over Knuettel in this case. Therefore, PLX "might have been brought" this case in the Eastern District of Texas.

---

[3] In light of this conclusion, the Court need not address Knuettel's argument that his contacts with Texas have been sufficiently continuous and systematic to give Texas courts general jurisdiction over him.

**B. Transfer to the Eastern District of Texas would be more convenient for the witnesses and parties**

In determining which venue would be most convenient for the witnesses and the parties, the Court weighs the following factors, see Employers Mut. Cas. Co., 618 F.3d at 1167:

### 1. Plaintiff's choice of forum

PLX chose to file suit in Colorado and, ordinarily a plaintiff's choice of forum is entitled to significant weight, see id.; Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). But that is not the case here, where PLX does not have its principal place of business in Colorado, and where "the facts giving rise to the lawsuit have [no] material relation or significant connection to" Colorado. Employers Mut. Cas. Co., 618 F.3d at 1168 (internal quotation marks omitted). Here, then, the fact that PLX chose to file suit in Colorado weighs only slightly against the requested transfer.

### 2. Accessibility of witnesses and other sources of proof

To demonstrate inconvenience to witnesses, Knuettel has to "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that use of compulsory process would be necessary." Id. at 1169 (internal quotation marks, alterations omitted). Knuettel failed to make such a showing. See id.; Scheidt, 956 F.2d at 965; Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 148 (10th Cir. 1967).

Nonetheless, Knuettel does argue generally that the cost of presenting proof other than witnesses will be lessened by transferring this case to Texas because

documents from IM LLC and IMMC will be located in their Texas offices, as will any relevant documentary evidence from the Texas infringement litigation. This favors transfer.

### 3. Cost of making the necessary proof

Knuettel has not shown, with any specificity, how the cost of litigating in Texas will be less than litigating in Colorado. See Employers Mut. Cas. Co., 618 F.3d at 1169 (noting "record contains no evidence concerning the potential costs of litigating a case in the transferor district").

### 4. Questions about enforceability of a judgment if one is obtained

In opposing the requested transfer, PLX asserts, but only generally, that if it obtains a judgment for money damages against Knuettel in this action, it will be easier for PLX to enforce that judgment against Knuettel in Colorado. Knuettel has failed to show that this is not the case and so this factor weighs against a transfer.

### 5. Advantages and obstacles to a fair trial

Knuettel do not invoke this factor in support of his transfer motion.

### 6. Difficulties that may arise from docket congestion

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." Id. Here, Knuettel asserts court statistics, which PLX does not dispute, indicating that the median time from filing to trial is 28 months in the District of Colorado and 23.2 months in the Eastern District of Texas. On the other hand, PLX asserts statistics, which Knuettel

does not dispute, indicating that the median time from filing to disposition in Colorado is 5.9 months, and 8.1 months in Texas; there are 410 cases pending per judge in the Colorado district court, compared with 509 per judge in the Eastern District of Texas; and the average weighted filings per judge in the District of Colorado is 662, while in Texas it is 896.  Considered together, this information weighs against transfer.

### 7. Possibility of questions arising in the area of conflict of laws

In a federal action which will be governed by state substantive law, "courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law."  Id.  Here, however, the parties are unsure which state's substantive law will govern PLX's contract-interference claim; they suggest possibly substantive law from California, Texas, Colorado or Oregon.  In light of this uncertainty, this factor does not cut for or against transfer.  Moreover, to the extent this case requires application of federal patent law, either district will be well-suited to apply it.

### 8. Advantage of having a local court determining questions of local law

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale."  Id. at 1170.  In this case, however, this factor does not cut either way.

### 9. Other practical considerations for making trial easy, expeditious and economical

This factor weighs heavily in favor of transferring this case to the Eastern District of Texas because of the pending patent infringement litigation between IM LLC, IMMC and PLX going on there.  In this case, PLX alleges that IM Corp. was obligated to offer

7

PLX, under reasonable terms and conditions, a license to practice the Patents at issue here because those Patents "would be infringed by practicing any of the subject matter contained in industry specifications that are published and adopted by the PCI-SIG." (Doc. 1, ex. 12 ¶ 7.) While that is apparently not the precise question at issue in the ongoing patent-infringement litigation in the Eastern District of Texas, it is clear that that court has had to, and will have to, construe those patents during that patent-infringement litigation. For instance, the Eastern District of Texas has already conducted a Markman[4] hearing regarding several of the patents at issue here and has another Markman hearing scheduled next month. It is clear, then, that the Eastern District of Texas is quite familiar with the patents at issue in this case.

Moreover, in support of its contract-interference claim, PLX alleged that Knuettel caused IM LLC and IMMC to initiate the "baseless" patent-infringement litigation in the Eastern District of Texas. The district court in that district, of course, is much more familiar with the patent-infringement litigation than this court currently is. For these reasons, then, this factor weighs heavily in favor of granting the transfer.

### 10. Weight of these factors suggests transfer to the Eastern District of Texas is appropriate

PLX chose to file this lawsuit in Colorado. But the only established connection to Colorado is that Knuettel lives here. And he apparently moved to Colorado only after the events underlying this litigation occurred. On the other hand, PLX has alleged that Knuettel interfered with its contract rights by taking several actions in Texas, including forming IM LLC and IMMC, transferring the patents at issue here to those Texas

---

[4] Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

companies, and then causing those companies to initiate patent-infringement litigation in the Eastern District of Texas against PLX.  In light of the ongoing patent-infringement cases, the Eastern District of Texas will be the more convenient forum for the parties and the witnesses to litigate this contract-interference case.

### C.  Transfer to the Eastern District of Texas will serve the interest of justice

For similar reasons, the Court concludes that transferring this case to the Eastern District of Texas will serve the interest of justice.  PLX does not offer any compelling reason to conclude otherwise.

### III.  Conclusion

The Court thus GRANTS Knuettel's motion to transfer this case to the Eastern District of Texas, but STAYS this order for fourteen days to permit PLX to seek appellate review, if it so chooses.  See Chrysler Credit Corp., 928 F.2d at 1517.

Dated this ___17th___ day of _____May___, 2012.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE