IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–03256–DME–KMT

PLX TECHNOLOGY, INC., a Delaware corporation,

    Plaintiff,

v.

FRANCIS P. KNUETTEL, II, an individual,

    Defendant.

---

## ORDER

---

This matter is before the court on the "Unopposed Motion by Defendant for Leave to File Amended Answer." (Doc. No. 25, filed May 23, 2012.) Defendant seeks to amend his Answer (Doc. No. 3) to assert additional defenses—namely, failure to mitigate, collateral estoppel, and *res judicata.*

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."[1] *See also York v. Cherry Creek Sch.*

---

[1] At the Scheduling Conference held on March 1, 2012, the court established a May 11, 2012 deadline for joinder of parties and amendment of pleadings. Thus, Defendant's Motion, filed May 23, 2012, is untimely. However, the court notes that Defendant indeed attempted to file his Amended Answer on May 11, 2012. (*See* Stricken Doc. No. 22.) That document was stricken, however, because it was filed without an accompanying motion for leave to amend and the time for Defendant to amend his Answer as a matter of course (i.e. without leave of court or consent of the opposing party) had passed. (*See* Doc. No. 23, filed May 15, 2012.) Nevertheless, because Plaintiff does not oppose Defendant's Motion, the court will gratuitously

*Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiff does not oppose Defendant's Motion.[2] Thus, there is no argument, and the court does not otherwise find, undue delay, bad faith or dilatory motive, repeated failure to cure

---

overlook this mistake and review Defendant's Motion under Rule 15(a), rather than Rule 16(b). *See also Minter v. Prime Equip. Co.,* 451 F.3d 1196, n.4 (10th Cir. 2006) (noting that the Tenth Circuit has not "decide[d] whether a party seeking to amend its pleading after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements.").

[2] In light of Plaintiff's non-opposition to Defendant's Motion, the court entered a minute order on May 25, 2012 directing Plaintiff to file a response to Defendant's Motion, on or before May 31, 2012, indicating whether it consented to Defendant's proposed amendments consistent with Fed. R. Civ. P. 15(a)(2). No response was filed by May 31, 2012 or at any time after that date. Plaintiff is admonished for failing to comply with a court-ordered directive.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Therefore, it is

ORDERED that the "Unopposed Motion by Defendant for Leave to File Amended Answer" (Doc. No. 25) is GRANTED.  The Clerk of Court is directed to file Defendant's Amended Answer (Doc. No. 25-1).

Dated this 6th day of June, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge